John P. King *vs.* Interstate Consolidated St. Ry. Co. *et al.*

MARCH 12, 1923.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Garnishment.   Return of Garnishee.   Set-off.*

The return of a garnishee showing that there was in the hands of the garnishee a certain sum due the defendant and that at the same time the defendant was indebted in a larger amount to the garnishee, and that there was none of the personal estate of the defendant in its hands, shows that a set-off was contemplated and relied upon by the garnishee.

*(2)   Garnishment.   Jurisdiction.*

Where the matter of jurisdiction depends upon the attaching of funds of the defendant in the hands of a garnishee, it must be determined upon the facts as they existed at the time of the attachment.

*(3)   Garnishment.   Set-off.*

Where the return of a garnishee showed that there was in its hands a certain sum due the defendant and at the same time the defendant was indebted in a larger amount to the garnishee, and that there was none of the personal estate of the defendant in its hands, the fact that the defendant later paid its indebtedness to the garnishee in full without insisting upon a set-off cannot be considered as a waiver of the rights of the garnishee. Distinguishing *Trottier* v. *Foley,* 42 R. I. 422.

TRESPASS ON THE CASE.   Heard on exception of plaintiff and overruled.

VINCENT, J.   This is an action of trespass on the case for negligence brought against the Interstate Consolidated Street Railway Company, a Massachusetts corporation, the Interstate Consolidated Street Railway Company, a Rhode Island corporation, and the Bay State Street Railway Company, a corporation doing business in Massachusetts and Rhode Island.   The writ is dated February 8, 1918.   Service was made upon the Bay State Railway Company by serving the agent duly appointed for that purpose.   Service was made upon the Interstate Consolidated Street Railway Company, a Massachusetts corporation, by attaching the property of that corporation in the hands and possession of the Rhode Island Company.

The plaintiff has discontinued as to both the Interstate Consolidated Street Railway Company, a Rhode Island corporation, and the Bay State Street Railway Company and therefore these corporations are eliminated from our consideration.

The Interstate Consolidated Street Railway Company, a Massachusetts corporation, hereinafter called the defendant, filed a plea in abatement setting forth that no jurisdiction had been obtained over it for the reason that at the time of the service of the writ on the Rhode Island Company as garnishee the said Rhode Island Company had in its possession no property belonging to the defendant.

To this plea the plaintiff at first demurred but afterwards withdrew his demurrer and filed his replication.   After a hearing in the Superior Court the plea of the defendant was sustained.   To this decision the plaintiff took the exception which is now before us.

The only question raised by this exception is, Was the decision of the Superior Court sustaining the defendant's plea in abatement erroneous?   This leads us to an examination of the affidavit of the Rhode Island Company, the garnishee, and the consideration of the facts which it discloses.

This affidavit sets forth, in the first place, that at the time of the service of the writ said Rhode Island Company was not possessed of any personal estate belonging to the defendant.

The affidavit then continues with a detailed statement showing that the defendant had no title to certain cars used over lines connecting with those of the garnishee from which common use it might be inferred that the defendant had some interest therein. The plaintiff makes no claim that the court acquired jurisdiction on account of any of these cars.

The affidavit concludes with a brief statement of the account between the garnishee and the defendant from which it appears that, at the time of the service of the writ, there was in the hands of the garnishee the sum of $2,250. due to the defendant and at the same time the defendant was indebted to the garnishee in the sum of $5,500.

(1) The plaintiff says that this affidavit does not pretend to state that any set-off was claimed by the garnishee by reason of this state of the account. We cannot concur in this view. The purpose of the garnishee in stating the account and thus showing that it was entitled to a set-off, in connection with the declaration that it was not indebted to the defendant, seems to us to indicate that such a set-off was contemplated and relied upon. We are unable to see any other motive which the garnishee could have had in making the disclosure which it did except to assert its right to a set-off.

The plaintiff claims that his right to have the garnishee charged is supported by some occurrences subsequent to the time of the attachment and he refers to the fact that the defendant paid to the garnishee $5,500., the full amount due to it without claiming any set-off, and that later the defendant proved its claim against the receiver of the garnishee.

(2) We think that the matter of jurisdiction must be determined upon the facts as they existed at the time of the attachment. In Sec. 10, Chap. 301, Gen. Laws of 1909, it is distinctly stated that the garnishee, "shall render an

account in writing, upon oath, . . . of what estate, if any, such person, copartnership, or corporation, respectively, had in his or its hands or possession *at the time the writ was served.*"

The plaintiff cites the case of *Trottier* v. *Foley*, 42 R. I. 422, which he contends is determinative of the case at bar in his favor.

We think that there is a marked difference between the two cases. In the case cited the garnishee had the right to retain the full amount of the wages of the employee until the indebtedness of the latter had been fully paid. The garnishee however did not enforce its right in that respect but on the contrary deducted two dollars from the weekly wage and paid the balance over to the employee after the attachment, thus waiving its right to retain the whole amount. We find no such relinquishment in the case at bar.

The fact that the defendant later paid its indebtedness to the garnishee in full without insisting upon a set-off cannot be reasonably considered as a waiver of the rights of the latter. It was something that occurred subsequent to the attachment and besides the garnishee might naturally deem it wise to retain the money due the defendant until its liability should be determined.

The plaintiff's exception is overruled, the decision of the Superior Court sustaining the plea in abatement of the Interstate Consolidated Street Railway Company is affirmed and the case is remitted to said Superior Court with direction to dismiss the suit.

*Waterman & Greenlaw, Charles E. Tilley,* for plaintiff.
*Gardner, Moss & Haslam,* for defendant.